IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DUCKWORTH, #1434898,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 3:08-CV-2214-B |
| HUTCHINS STATE JAIL,<br>    Defendants. | )<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Hutchins States Jail of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Defendants is the Hutchins State Jail and Officer White. The court has not issued process in this case, pending preliminary screening. On February 9, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on February 19, 2009.

Statement of Case: Plaintiff seeks the return of personal property (a white t-shirt and shorts) allegedly taken by Officer White without confiscation papers and subsequently lost. (Complaint at 4 and Answer to Question 3). He also seeks an order directing the grievance system to follow its rules and procedures. (Complaint at 4). Plaintiff states that his grievance,

complaining about the improper confiscation of his property, was lost and that he has been unsuccessful in obtaining a resolution. (*Id.*).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955, 1968-69 (2007).[1]

In answer to the magistrate judge's questionnaire, Plaintiff states that Defendant White's conduct, in taking his personal property without confiscation papers and then losing it, was negligent as well as intentional. (*See* Answer to Questions 4-5).

The Supreme Court has held that the unintentional loss of life, liberty or property does not state a cause of action under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662,

---

[1] A court may dismiss an action as frivolous or for failure to state a claim upon which relief can be granted regardless of whether a plaintiff has properly exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(c)(2).

663 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668, 670 (1986). Where mere negligence is involved in causing a deprivation or damage to property, no procedure for compensation is constitutionally required. *Id.* Therefore, insofar as Plaintiff's claim for loss of his personal property is grounded on negligence, it lacks an arguable basis in law and should be dismissed as frivolous.

Plaintiff has not pled sufficient facts to allege an intentional deprivation of his personal property. He merely states that Officer White refused to discuss the confiscation of his property. (*See* Answer to Question 5).

Even assuming Plaintiff had adequately pled an intentional deprivation, his claim is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)). According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

It is well established that Texas state administrative and judicial systems provide an adequate post-deprivation remedy for inmates whose property has been taken or destroyed improperly. *See* Tex. Gov. Code § 501.007 (authorizing TDCJ to award up to $500 on claims that TDCJ-CID lost or damaged an inmate's personal property) and § 501.008 (establishing an inmate grievance system); *see also Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, the

3

appropriate forum for Plaintiff's property loss claim lies in state court or in the administrative procedures of TDCJ rather than federal court. *Thompson v. Steele,* 709 F .2d 381, 383 (5th Cir. 1983). Plaintiff concedes that he did not seek relief under § 501.007. (*See* Answer to Question 6).[2]

Lastly, Plaintiff alleges that TDCJ lost his grievance (complaining about the confiscation/loss of his property), and that he has been unsuccessful in obtaining a resolution. (Complaint at 4). Insofar as Plaintiff seeks to challenge the adequacy of the grievance system, his generalized allegations lack an arguable basis in law. An inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (inmates do not have a constitutional right to an adequate grievance procedure); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (inmates do not have a constitutional right to participate in grievance procedures); *Jenkins v. Henslee*, 2002 WL 432948, *2 (N.D.Tex. Mar 15, 2002) (NO. 3-01-CV-1996-R) (failure to respond to grievance did not amount to a constitutional violation); *see also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (prisoner did not have liberty interest in having grievance resolved to his satisfaction). Although exhaustion of administrative remedies is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Hence any alleged violation of the grievance procedure, as alleged in Plaintiff's complaint, does not amount

---

[2] Only after state administrative remedies are denied on grounds other than the merits of the claim, may the plaintiff pursue a claim in federal court under § 1983. *See Thompson,* 709 F.2d at 383 & n. 3 (5th Cir. 1983).

to a constitutional violation.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and/or for failure to state a claim. *See* 28 U.S.C. §§ 1915A(b)(1), and 1915(e)(2)(B)(i) and (ii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2009.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.